```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                :    CIVIL ACTION
    AZUNA, LLC, et al.,         :    NO. 08-776
                                :
         Plaintiffs,            :
                                :
    v.                          :
                                :
    NETPIA.COM, INC., et al.,   :
                                :
         Defendants.            :
```

**O R D E R**

**AND NOW**, this **12th day of August 2009**, it is hereby

**ORDERED**, for the reasons stated in the accompanying memorandum,

as follows:

1. Plaintiffs' motion for reconsideration (doc. no. 20) is

    **GRANTED in part** with respect to Plaintiff DAK and

    **DENIED in part** with respect to Plaintiff Azuna; and

2. Defendants' motion for sanctions is **DENIED**;[1] and

---

[1] Under Rule 11, an attorney must sign every pleading, written motion, and other paper thereby certifying

that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based

    3.    Plaintiff DAK's claim is **SEVERED[2] and STAYED**, pending resolution of Plaintiff Azuna's arbitration in Korea.[3]

    **AND IT IS SO ORDERED.**

                      S/Eduardo C. Robreno
                      **EDUARDO C. ROBRENO, J.**

---

on belief or a lack of information.

Fed. R. Civ. P. 11(a)-(b).  Under the circumstances of this case, the Court concludes a sanction is not appropriate.

   [2]    See generally, Delta Funding Corp. v. Harris, 426 F.3d 671 (3d Cir. 2005) (citing Jacob v. Norris, McLaughlin & Marcus, 607 A.2d 142, 154 (N.J. 1992) (severing unenforceable portion of contract)).

   [3]    Whether Defendants may compel arbitration in Korea and/or whether Plaintiff Azuna's claim to arbitrate in Korea is precluded by the doctrines of issue or claim preclusion is not before the Court.